IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **JENNIFER BOWLES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:21CV243 |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jennifer Bowles brought this action to obtain review of a final decision of the Commissioner of Social Security[1] denying her claim for disability insurance benefits ("DIB") and a period of disability ("POD"). The Court has before it the administrative record and cross-motions for judgment.

### I. PROCEDURAL HISTORY

In 2018, Plaintiff filed an application for a POD and DIB alleging a disability onset date of March 24, 2017. (Tr. 24, 212-18.)[2] The application was denied initially and again upon reconsideration. (Tr. 24, 135-39, 144-53.) After an administrative hearing, the ALJ determined on February 18, 2020, that Plaintiff was not disabled under the Act. (Tr. 24-74.) On September

---

[1] The President appointed Kilolo Kijakazi as the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew M. Saul as Defendant in this suit.

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Docket Entry 10.)

23, 2020, the Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision for purposes of review. (Tr. 13-18.)

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court is not whether Plaintiff is disabled but whether the finding that she is not disabled is supported by substantial evidence and based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. § 404.1520.[3] *See Albright v. Comm'r of Soc.*

---

[3] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. § 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her [or his] past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.* at 473. "Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the Secretary to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education, and work experience." *Hunter*, 993 F.2d at 35 (internal citations omitted).

*Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 24 2017, the alleged onset date, through her date last insured of December 31, 2018. (Tr. 26.) The ALJ next found the following severe impairment(s) at step two: "lumbar facet hypertrophy; irritable bowel syndrome (IBS); bilateral carpal tunnel syndrome (CTS); bilateral cubital tunnel syndrome; fibromyalgia; and obesity." (Tr. 26.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1. (Tr. 28.)

The ALJ next set forth Plaintiff's Residual Functional Capacity ("RFC") and determined that she could perform sedentary work, except that:

> She could occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds. She could never crawl. She could occasionally crouch, balance, and push and pull with the bilateral upper extremities. She could frequently grasp, handle, and finger with the bilateral upper extremities. She had to be able to alternate between sitting and standing hourly while remaining on task (i.e. no more than 2-3 minutes off-task per hour during positional changes). She could have no concentrated exposure to extreme cold. She could have no exposure to hazards such as unprotected heights and open machinery.

(Tr. 29.) At the fourth step, the ALJ determined that Plaintiff could not perform her past relevant work. (Tr. 31-32.) At step five, the ALJ determined that there were other jobs in the national economy that Plaintiff could perform. (Tr. 32.)

### IV. ISSUES AND ANALYSIS

Plaintiff's argument, it its entirety, is as follows:

> The Commissioner's judgment should be reversed

3

> because the ALJ did **NOT** address the effect of Plaintiff's anxiety
> or depression on her ability to perform her work, nor did the ALJ
> analyze the combination of Plaintiff's impairments, as a group.
> Instead, the ALJ addressed them individually contrary to law 20
> CFR § 404.1545(a)(2). The ALJ considered the following
> impairments in their determination: bilateral carpal tunnel
> syndrome, bilateral cubital tunnel syndrome, obesity and irritable
> bowel syndrome (R.B1A at P. 6). However, Plaintiff also suffered
> from anxiety and depression. The record clearly reflects
> Plaintiff's diagnosis of depression, whereas she takes gabapentin
> for it. (R.B18F at p. 6). One of the more significant statements
> regarding Plaintiff's depression in the record is that, "she feels
> depressed and sad out [sic] days. This depression goes back 5
> years and "feels everyone would be better off without her, feels
> anxious and tense. The record further reflects that "her
> depression goes back when she had surgery and lost her job"
> (R.B2A at p. 9). This statement is substantial to the record yet
> there is no finding of fact regarding Plaintiff's depression or
> anxiety. Further, the ALJ's conclusions of law make no reference
> to such a finding of fact. The ALJ's decision here is contrary to
> law and its key fact findings are not supported by substantial
> evidence in the record. The ALJ failed in his duty to explain in
> detail why he gives so little weight to this extensive record
> evidence of claimant's disfunction, and his decision must
> therefore be reversed. The ALJ also failed to recognize the
> correct date for the hearing, which was determined on March 28,
> 2017, not March 23, 2017 (R.B1a at p. 13).
>
> Plaintiff lastly contends that the ALJ's determination was
> legal error because there is no comparison between the evidence
> and the evidence in the record at the time of cessation." *Mauck v.
> Kijakazi*, 1:21-cv-92-MOC, 5 (W.D.N.C. May. 6, 2022) Clear,
> longitudinal record of the consistent reoccurrence of claimant's
> disfunction caused by pain. The ALJ erred in not considering the
> effects of fluctuation or variance over time.

(Docket Entry 23 at 4-5 (typographical errors in original).) As explained below, these arguments warrant no relief.

### A. Anxiety and Depression

Plaintiff first asserts that that ALJ failed to adequately address her anxiety and depression. For the following reasons, this argument is not persuasive.

At step two of the sequential evaluation process, the claimant bears the burden of demonstrating a severe, medically determinable impairment that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509; *Shrecengost v. Colvin*, No. 14CV506, 2015 WL 5126117, at *3 (W.D.N.Y. Sept. 1, 2015) ("[The p]laintiff bears the burden of establishing a severe impairment at step two by furnishing medical and other evidence of the existence thereof as the Commissioner may require, and will not be considered disabled if such evidence is not provided."). The Act describes "a physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A physical or mental impairment must be established by objective medical evidence from an acceptable medical source. 20 C.F.R. § 404.1521. A statement of symptoms, diagnosis, or medical opinion is not sufficient to establish the existence of an impairment. *Id.* A "[l]icensed physician" or "[l]icensed psychologist" is an "acceptable medical source." 20 C.F.R. § 404.1502(a).

An impairment is "severe" unless it "has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984); *see also* 20 C.F.R. § 404.1522(a) ("An impairment or combination of impairments is not severe if it

does not significantly limit your physical or mental ability to do basic work activities."); *Brookover v. Saul*, No. 2:20-CV-24-M, 2021 WL 4147075, at *4 (E.D.N.C. June 25, 2021). As such, the "severity standard is a slight one." *Stemple v. Astrue*, 475 F. Supp. 2d 527, 536 (D. Md. 2007). When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into the written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

"[A]n error at step two in failing to properly consider whether an impairment is severe may be harmless where the ALJ considers that impairment in subsequent steps." *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (finding no reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation provided the ALJ considered that impairment in subsequent steps) (citations omitted); *see also Shinseki v. Sanders*, 556 U.S. 396, 407 (2009); *Garner v. Astrue*, 436 Fed. App'x 224, 225, n* (4th Cir. 2011). However, provided that the claimant has at least one severe impairment, the ALJ must consider the combined effect of all of the claimant's impairments, irrespective of whether they are severe, in determining the claimant's RFC. 20 C.F.R. § 404.1545(e); *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989).

Here, in a determination supported by substantial evidence, the ALJ sufficiently explained

6

Case 1:21-cv-00243-WO-JLW    Document 25    Filed 08/23/22    Page 6 of 12

why Plaintiff's mental impairments would not affect her RFC. More specifically, early in his decision, the ALJ evaluated Plaintiff's alleged depression, anxiety, and somatic disorder under the four broad functional areas for evaluating mental disorders (the "paragraph B" criteria). (Tr. 27-28.) Before discussing the paragraph B criteria, the ALJ discussed Plaintiff's limited mental health treatment, which consisted of only medication from her primary care clinician. (Tr. 27, 64, 762, 823.) The ALJ noted that Plaintiff's own medical sources documented consistently normal mood and cooperative behavior. (Tr. 27, 439, 457, 728.)

The ALJ addressed the consultative psychological examination, where Plaintiff was pleasant and interactive and had normal eye contact and thought processes despite her depressed mood. (Tr. 27, 716, 719.) Though consultative examiner Joseph Appollo, Ph.D. stated that Plaintiff could not count backwards by three, his notes show that she made only one error. (Tr. 27, 720.) She made one mistake in simple calculations and was able to remember one out of three items on delayed recall. (Tr. 27, 721-22.) Though Plaintiff had some difficulty with abstraction, she was able to compare items and her judgment and insight were normal. (Tr. 27, 721-22.)

The ALJ then evaluated the state agency psychologists' and consultative examiner's opinions. (Tr. 27.) The ALJ explained that consultative examiner Dr. Appollo's extensive limitations were not supported by his examination and were inconsistent with the mental health evidence of record as detailed above. (Tr. 27.) As a result, the ALJ found that Dr. Appollo's opinion, which assessed "significant" problems with the ability to complete simple repetitive tasks and tolerate work-related stress, was unpersuasive. (Tr. 27, 722.) The ALJ also

7

considered the prior administrative finding of state agency psychologist Richard Cyr-McMillon, Ph.D. (Tr. 27.) Dr. Cyr-McMillion found that Plaintiff's depression was severe and that she was "AT LEAST" capable of performing simple, routine, and repetitive tasks at a non-production pace in a stable work environment with reduced social demands. (Tr. 27, 101-02.) The ALJ reasonably explained that Dr. Cyr-McMillon's qualifier of "AT LEAST" conceded that Plaintiff had greater abilities and that this explanation did not support the prior administrative finding. (Tr. 27.) The ALJ found that these limitations were inconsistent with the record and referred back to the prior discussion of Plaintiff's limited treatment and clinical findings. (Tr. 27.) The ALJ then reasonably concluded that Dr. Cyr-McMillon's prior administrative finding was unpersuasive. (Tr. 27.)

Next, the ALJ explained why he found persuasive the most recent prior administrative finding by state agency psychologist Bruce Lipetz, Psy.D. (Tr. 27.) Dr. Lipetz reviewed the most updated records and found that Plaintiff's mental impairments were non-severe and caused mild limitations in each domain of functioning. (Tr. 122-23.) Dr. Lipetz explained that the findings of the consultative examiner Dr. Appollo were not consistent with Plaintiff's lack of treatment, treatment records, and clinical findings. (Tr. 124.) Dr. Lipetz explained that while his finding differed from Dr. Cyr-McMillon's initial finding, it was "more programmatically consistent with the evidence in file and is based on an independent reconsideration of the evidence as is programmatically required." (Tr. 124.) The ALJ explained that Dr. Lipetz's findings were supported by his explanation, and that his findings were consistent with the previously discussed evidence. (Tr. 27.) The ALJ explained that considering this evidence,

8

Plaintiff's mental impairments were non-severe and caused no more than mild limitations in any functional area and did not impose any mental RFC limitations. (Tr. 27-28.)

The ALJ's evaluation is supported by substantial evidence. Indeed, Plaintiff's treatment records during the relevant period note a *history* of "mild anxiety," her gabapentin was prescribed to address her physical impairments, and her primary care records did not reflect an active diagnosis of depression or anxiety during the relevant period. (Tr. 485, 488-89, 493, 495, 498, 500, 503.) After Plaintiff's date last insured, she demonstrated alert mental status, cooperative behavior, and full orientation. (Tr. 760-62.) Her first complaints about anxiety and depression during the relevant period occurred during the consultative examination, where she maintained normal activity level, pleasant interaction, good attitude, normal eye contact, normal range of effect, normal emotional responsiveness, appropriate emotional expression, normal thought processes, and normal thought content. (Tr. 716, 719.) Plaintiff's records show that she never sought psychological or psychiatric mental health treatment during the relevant period, though she sought specialist treatment for her physical impairments. (Tr. 717.) After "careful consideration of the entire record," the ALJ reasonably found Plaintiff's depression, anxiety, and somatic disorder were nonsevere impairments because they caused no more than a minimal limitation in Plaintiff's ability to perform basic mental work activities. (Tr. 26-28.) *See* 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment is not severe"). As such, the ALJ provided adequate explanation to support his findings, which are supported by substantial evidence.

(Tr. 27-28.)[4]

Plaintiff refers to her subjective statements and argues that they support greater limitations. (Docket Entry 23 at 4.) However, a claimant's subjective complaints alone will not establish disability. 20 C.F.R. § 404.1529(a). The ALJ considered all the relevant evidence and reasonably determined that Plaintiff's limited primary care treatment, signs of normal mood in her records, and overall clinical findings during the relevant period supported no more than mild limitations in the paragraph B domains of functioning. (Tr. 27-28.)

Plaintiff argues that the ALJ "failed to recognize the correct date for the hearing, which was determined on March 28, 2017, not March 23, 2017." (Docket Entry 23 at 4.) However, the current decision was issued on February 18, 2020, and it correctly noted the date of the most recent hearing, which occurred on January 27, 2020. (Tr. 21, 24, 39.) A prior administrative decision, which is not before this Court, was issued on March 28, 2017, and the

---

[4] It is well-established that non-severe impairments do not require limitations in the RFC, if there is substantial evidence and an adequate explanation warranting their omission. *See, e.g.*, *Paris F. v. Comm'r of Soc. Sec.*, No. 20-CV-6724S, 2022 WL 2092904, at *4 (W.D.N.Y. June 10, 2022) (concluding that the exclusion of limitations in the RFC to address claimant's non-severe depression was warranted by substantial evidence); *Smith v. Colvin*, No. CIV-13-617-F, 2014 WL 4384705, at *2 (W.D. Okla. Sept. 3, 2014) ("The ALJ's findings concerning plaintiff's asthma are supported by the medical evidence of record. The ALJ did not fail to consider plaintiff's non-severe impairment of asthma at steps four and five to determine its impact on plaintiff's RFC. Rather, the ALJ found that that non-severe impairment imposed no limitations beyond those that plaintiff's severe limitations imposed. As the magistrate judge observed, a finding at step two that a medically determinable impairment poses *no* restrictions on a claimant's work activities obviates the need for further analysis at step four."); *Krosse v. Colvin*, No. 13-CV-270-PJC, 2014 WL 1342970, at *7 (N.D. Okla. Apr. 3, 2014) ("Contrary to Krosse's argument, the ALJ was not required to find that his nonsevere depression resulted in limitations in his ability to do work-like functions."); *Cooks v. Astrue*, No. 1:10-CV-02714-TWT, 2012 WL 567189, *n.12 (N.D. Ga. Jan. 24, 2012) ("[T]he ALJ's discussion and RFC finding indicate that he did not find that claimant's mental limitations would affect her RFC.") (collecting cases).

10

ALJ in the matter currently before the Court considered this prior decision in accordance with Acquiescence Ruling (AR) 00-1(4). (Tr. 78, 87, 31-32, footnotes 3-5.) *See* AR 00-1(4), 2000 WL 43774 (2000). As a result, there was no error.

Plaintiff also cites to a disability cessation case, *Mauck v. Kijakazi*, 1:21-cv-92- MOC, 2022 WL 1445232 (W.D.N.C. May 6, 2022), to argue that the ALJ was required to compare evidence from the current record to evidence at the time of the cessation of benefits. (Docket Entry 23 at 4-5.) However, *Mauck* involved a case where the Plaintiff was found disabled for nine years before his benefits were ceased. *Mauck*, 2022 WL 1445232 at *1-2. In that situation, the court found that an ALJ must compare the current evidence to evidence from the time of cessation. *Id.* at *4. *Mauck* is inapplicable because Plaintiff's case does not involve disability cessation, and the ALJ stated—and the decision demonstrates—that he carefully considered "all the evidence" in the record when making his decision. (Tr. 24.)

Plaintiff also asserts that the ALJ failed to "analyze the combination of Plaintiff's impairments." (Docket Entry 23 at 4.) However, Plaintiff makes this assertion as part of her larger argument that the ALJ failed to properly evaluate her non-severe mental impairments, which the Court has addressed above and found to be without merit. Beyond this, the ALJ repeatedly indicated that he considered all of the evidence and all of Plaintiff's impairments, both severe and non-severe. (Tr. 24 ("After careful consideration of all of the evidence"); 26 ("After careful consideration of the entire record"); 27 ("The claimant's medically determinable mental impairments of major depressive disorder, somatic symptom disorder, and anxiety disorder, considered singly and in combination, did not cause more than minimal

11

limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere."); Tr. 28 ("I have reviewed and considered all severe and non-severe impairments in formulating the following residual functional capacity below, and, where appropriate, have included limitations to address the claimant's non-severe impairments and subjective complaints (SSR 96-8p).").) This argument has no merit.

Lastly, Plaintiff cites to evidence already considered by the ALJ, such as her subjective complaints, diagnoses, and treatment, to argue for remand. (Docket Entry 23 at 4.) In essence, Plaintiff's argument seeks to have the Court re-evaluate the evidence and reach different conclusions than the ALJ, which is not appropriate under the standard of review. This, as explained earlier, the Court is not authorized to do. *See Craig*, 76 F.3d at 589. For the reasons discussed above, the ALJ's decision is legally correct, supported by substantial evidence, and susceptible to judicial review.

## V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is legally correct, supported by substantial evidence, and susceptible to judicial review. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Judgment (Docket Entries 18 and 19) be **DENIED**, Defendant's Motion for Judgment on the Pleadings (Docket Entry 21) be **GRANTED**, and the final decision of the Commissioner be upheld.

/s/ Joe L. Webster
United States Magistrate Judge

August 23, 2022